## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARTLETT CONSTRUCTION, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:  13-3738** |
| **SURFACE SPECIALTIES, LLC AND EMPLOYERS MUTUAL CASUALTY COMPANY D/B/A EMC INSURANCE COMPANY** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Employers Mutual Casualty Company's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. #25) is **DENIED**.

### BACKGROUND

This matter is before the court on a motion to dismiss plaintiff's claim for breach of contract and statutory penalties for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant, Employers Mutual Casualty Company.  Employers Mutual argues that plaintiff's claims against it should be dismissed because plaintiff, Bartlett Construction, LLC, does not specifically allege that Employers Mutual provided coverage for Bartlett's claim against its insured, co-defendant Surface Specialties, LLC, and statutory penalties are not available to Bartlett.

In February 2012, Woodward Design + Build, L.L.C. hired Bartlett as a subcontractor to do concrete work on an "auto court," a large parking area with elaborate colored concrete designs, for a residence in Covington, Louisiana.  Bartlett subcontracted the work to Surface Specialties.  The contract in which Surface Specialties agreed to construct and finish the auto court also provided that Surface Specialties would provide proof of commercial general liability insurance.  Surface Specialties procured the required insurance from Employers Mutual.

Bartlett alleges that after Surface Specialties finished its work, around April 23, 2012, patches of discolored concrete began appearing on the troweled area of the auto court. The patches grew. Bartlett discovered that the concrete in these areas was not curing, and retained a tacky, putty-like "wet" consistency. Bartlett and the concrete supplier obtained samples of the affected areas to determine if the materials were defective. The tests revealed that the samples failed to properly cure because the concrete had come in contact with "a solution (possibly gasoline) that was introduced to the surface of the concrete either during or shortly after finishing operations." The homeowner refused to accept the defective work, forcing Bartlett to remove and rebuild the auto court.

Bartlett filed this suit alleging that Surface Specialties caused the damage.[1] Bartlett alleges that Surface Specialties had exclusive control over the affected areas at the relevant times, and that it used a petroleum-powered auto trowel to finish the auto court. Bartlett alleges that Surface Specialties refueled the trowel on or near the auto court which "was the only identifiable source of the spillage that could have caused the concrete to retard."

Bartlett also brought claims against Employers Mutual, including claims for penalties under Louisiana Revised Statutes §§ 22:1892 and 22:1973, alleging that it filed a claim with Employers Mutual, and provided "information and documents sufficient to establish Bartlett Construction's losses and Surface Specialties' responsibility for those losses." Bartlett claims that Employers Mutual failed to properly investigate and adjust the claim, but "engaged in confrontational tactics

---

[1] In its original complaint and first amended complaint, Bartlett alleged tort claims against Surface Specialties. After Surface Specialties filed a motion to dismiss based on prescription, Bartlett filed its second amended complaint alleging claims of breach of contract and defective workmanship against Surface Specialties.

2

in an effort to intimidate Bartlett Construction," and "misrepresented certain facts pertaining to the reason for the removal and reinstallation of the auto court."

Employers Mutual filed the instant motion to dismiss arguing that Bartlett has not stated a claim against it because Bartlett did not allege that Surface Specialties' insurance policy with Employers Mutual covered the allegedly defective work.  Employers Mutual also argues that Bartlett, as a third-party claimant, cannot maintain a claim against it for penalties under La. Rev. Stat. § 22:1892, and has failed to file a satisfactory proof of loss as required by the statute.  Further, Employers Mutual contends that Bartlett cannot maintain a claim for penalties under La. Rev. Stat. § 22:1973 because it has not alleged that Employers Mutual breached a specific duty listed in subsection B of that statute.

## ANALYSIS

### A.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most

favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.  In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

**B.      Sufficiency of the Complaint**

Employers Mutual argues that Bartlett's claims against it should be dismissed because Bartlett  did not allege that Surface Specialties' insurance policy with Employers Mutual covered the allegedly defective work.

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)).  Further, if a complaint alleges facts upon which relief can be granted, the form is not important, even if it does not correctly categorize the legal theory giving rise to the claim.  Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981)).

In its second amended complaint, Bartlett alleges Surface Specialties procured the commercial general liability insurance required by their contract from Employers Mutual, and that when Bartlett concluded that Surface Specialties caused the problem with the concrete, it made a claim to Employers Mutual, providing "information and documents sufficient to establish Bartlett's losses and Surface Specialties' responsibility for those losses." Bartlett's complaint meets the

pleading requirements of Rule 8(a)(2) because these allegations give Employers Mutual fair notice of Bartlett's claims against it regarding its coverage of Surface Specialties' work. Therefore, Employers Mutual's motion to dismiss is DENIED as to Bartlett's breach of contract claim.

**C.     Penalties Under La. Rev. Stat. § 22:1892**

**1.     Bartlett's Ability to Make a Claim for Penalties Under § 22:1892 as a Matter of Law**

Employers Mutual, relying on <u>ANF Partners #1 v. Lexington Ins. Co.</u>, 2007 WL 1191227 (E.D. La. 4/23/2007) (Feldman, J.), and <u>Woodruff v. State Farm Ins. Co.</u>, 767 So.2d 785 (La. Ct. App. 2000), argues that Bartlett, a third-party claimant, cannot recover penalties under La. Rev. Stat. § 22:1892, as a matter of law.

La. Rev. Stat. § 22:1892 provides, in pertinent part:

A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.

(2) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, R.S. 22:1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.

*     *     *

(4) All insurers shall make a written offer to settle any property damage claim, ***including a third-party claim***, within thirty days after receipt of satisfactory proofs of loss of that claim.

B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to

5

settle any property damage claim, ***including a third-party claim***, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

(emphasis added).

In <u>ANF Partners #1</u>, 2007 WL 1191227, at *3, the court relied on <u>Woodruff</u>, 767 So.2d 785, to find that third-party claimants could not recover penalties under § 22:1892, because "the penalty provisions of Revised Statue [22:1892] B are inapplicable to third party claimants such as plaintiff." <u>Woodruff</u> applied an earlier version of § 22:1892, in which subsection B(1) had no mention of third-party claimants. It provided:

B.(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658 A(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658 A(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.

Three years after <u>Woodruff</u> was decided, the Louisiana Legislature passed 2003 La. Acts No. 790, § 1, which amended La. Rev. Stat. § 22:1892(A)(4) and (B)(1) to include the phrase "including a third-party claim," as highlighted above in the current version of the statute. In <u>State Farm Mut.</u>

6

Auto. Ins. Co. v. Norcold, Inc., 88 So.3d 1245, 1250-51 (La. Ct. App. 2012), the court examined the current text of La. Rev. Stat. § 22:1892, the various amendments to the statute, the legislative intent and applicable jurisprudence, and found that these sources support the conclusion that subsection B(1) "does provide for an award of penalties and attorney fees in favor of third-party claimants against an insurer who fails to make an offer of settlement after receiving satisfactory proof of loss, if the insurer's failure to pay is "arbitrary, capricious, or without probable cause." The court noted that the word "shall" was used in subsections A(4) and B(1) to address the insurer's duties regarding third-party claimants, and that this "mandatory statutory duty" is not negated by the fact that the phrase "third-party claimant" was not inserted in the penalty calculation provision where the statute refers to amounts "due from the insurer to the insured." Id. at 1252-53.

Norcold provides a thorough analysis of § 22:1892 that supports the conclusion that the statute's current version provides for penalties for third-party claimants under subsection B(1) when an insurer's failure to make a written offer to settle a property damage claim within thirty days of the receipt of a satisfactory proof of loss is arbitrary, capricious, or without probable cause. Woodruff and ANF Partners #1 apply a pre-2003 version of 22:1892 that does not provide the same protections to third-party claimants under subsections A(4) and B(1) that are found in the current version of the statute, which was analyzed in Norcold. Therefore, this court finds § 22:1892(B)(1) provides a cause of action for penalties to third-party claimants, such as Bartlett, and Employers Mutual's motion to dismiss that claim is DENIED.

### 2. Satisfactory Proof of Loss

Employers Mutual also argues that Bartlett's claim for penalties under § 22:1892 should be dismissed because Bartlett has not alleged that it provided a satisfactory proof of loss to Employers

7

Mutual.  Under Louisiana law, an insurer receives a satisfactory proof of loss when it has sufficient information to act on the claim, and the manner in which the information is obtained is immaterial. Richardson v. GEICO Indem. Co., 48 So.3d 307, 314 (La. Ct. App. 2010).  "Whether and when a satisfactory proof of loss was received is a question of fact." Id.  In its second amended complaint, Bartlett alleged that it provided "information and documents sufficient to establish Bartlett Construction's losses and Surface Specialties' responsibility for those losses" to Employers Mutual. Therefore, Bartlett has alleged that it provided a proof of loss, which is enough to survive a motion to dismiss.  Whether the proof of loss was satisfactory is a question of fact that cannot be determined on a motion to dismiss.  Employers Mutual's motion to dismiss Bartlett's claim for penalties under § 22:1892 for failure to allege that it provided a satisfactory proof of loss is DENIED.

**D.     Penalties Under La. Rev. Stat. § 22:1973**

Employers Mutual argues that Bartlett's claim for penalties under La. Rev. Stat. § 22:1973 must be dismissed because Bartlett does not allege that Employers Mutual violated one of the duties listed in the statute.

La. Rev. Stat. § 22:1973 provides, in pertinent part:

A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

(4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

In Theriot v. Midland Risk Ins. Co., 694 So.2d 184, 193 (La. 1997), the Supreme Court of Louisiana held that both insureds and third-party claimants have a right of action under § 22:1973, but only the insurer's commission of the specific acts listed in subsection B can support a private cause of action for breach of the statute.

In this case, Bartlett alleges that Employers Mutual is liable for penalties under § 22:1973 because the claims adjustor misrepresented facts regarding the reason that the auto court was removed and replaced. Depending on the circumstance of the alleged misrepresentation, § 22:1973(B)(1) may include this allegation. Because further factual development is necessary to properly analyze this claim, dismissal is inappropriate at this time, and Employers Mutual's motion to dismiss Bartlett's claim for penalties under § 22:1973 is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Employers Mutual Casualty Company's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. #25) is **DENIED**

9

New Orleans, Louisiana, this  18th  day of December, 2013.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**